IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR478 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND A. ERKER, | ) | <u>UNITED STATES' RESTITUTION</u> |
| | ) | <u>HEARING MEMORANDUM</u> |
| Defendant. | ) | |

Now comes the United States, by and through its attorneys, Michelle M. Baeppler, First Assistant United States Attorney, and Brian McDonough and Kathryn Andrachik, Assistant United States Attorneys, and hereby submits this restitution hearing memorandum to aid the Court in ordering restitution to the victims of Defendant Raymond A. Erker's Ponzi scheme. The United States requests this Honorable to Court to award $9,098,012.64 to the 55 victim investors.

**I.    Restitution Analysis**

    **A.    Restitution is mandatory and shall be ordered.**

Restitution orders are authorized by statute, 18 U.S.C. §§ 3663, 3663A, and 3664, and are distinct and separate from the United States Sentencing Guidelines. Restitution constitutes punishment. *United States v. Schulte*, 264 F.3d 656 (6th Cir. 2001); *see also United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (stating restitution is "punitive rather than compensatory in nature"). "Although the guidelines mandate imposition of restitution where allowable under the statutes, the restitution statutes function independently from the guidelines and do not rely on the guidelines for their validity." *United States v. Sosebee*, 419 F.3d 451, 462 (6th Cir. 2005). "Restitution under the MVRA is a criminal penalty and a component of the

defendant's sentence." *United States v. Adams*, 363 F.3d 363 (5th Cir. 2004) (quoting *United States v. Chaney*, 964 F.2d 437, 451 (5th. Cir. 1992).

The court determines the amount of restitution. The MVRA specifically states that the amount of restitution should equal the "amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the Defendant." 18 U.S.C. § 3664(f)(1)(A) (when a court orders restitution, the amount of restitution should equal the "amount of each victim's losses *as determined by the court*." *Sosebee*, 419 F.3d at 462 (quoting 18 U.S.C. § 3664(f)(1)(A) (emphasis in original)).

When sentencing a Defendant convicted of an offense against property under Title 18 of the United States Code, including any offense committed by fraud or deceit, the Mandatory Victims Restitution Act ("MVRA") requires the court to order that the Defendant make restitution to the victim of that offense. 18 U.S.C. §§ 3663A(a)(1); 3663A(c)(1)(A)(ii). The MVRA requires those convicted of offenses against property under Title 18 to pay restitution for victims' losses. *United States v. Elson*, 577 F.3d 713, 721 (6th Cir. 2009).

The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). Under the MVRA, a victim is any person harmed "as a result of the commission of an offense… including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *United States v. Elson*, 577 F.3d 713, 730 (6th Cir. 2009) (quoting 18 U.S.C. § 3663A(a)(2)). The MVRA "does not require a victim to have a subjective belief that he or she has been harmed. Rather, it is left to the court to make that determination." *United States v. Teadt*, 2016 WL 3455353 (6th Cir. Jun 24, 2016).

2

**B.  Restitution should be made payable by Defendant Raymond A. Erker to the 55 victim investors in the amount of $9,098,012.64.**

Ohio Division of Securities Forensic Accountant Leo Fernandez analyzed the restitution amount owed and created a summary: Net Loss Amount After Return of Principal & Credit for Investment. See *Exhibit A*[1]. At the hearing, the United States would call Forensic Accountant Fernandez to testify that a total of 55 victims invested $9,498,342.28 in GenSource and Provident investments offered by Erker. Erker promised a return of $1,123,560.14 on the investments, which Erker paid and was credited. Erker also returned $400,329.64 of principal to investors. Accordingly, after crediting Erker with payments to investors, the remaining amount of restitution owed by Erker is $9,098,012.64.

| Principal Invested | "Promised" Return on Investment | Principal Returned | "Credit for Realized: Return on Investment" | Net Loss Amount |
|---|---|---|---|---|
| $9,498,342.28 | $1,123,560.04 | $(400,329.64) | $(1,123,560.04) | $9,098,012.64 |

The basis for the analysis in the Net Loss Amount After Return of Principal & Credit were admitted Government's Exhibit 751, a QuickBooks report testified to by co-defendant Kevin Krantz that listed investment amounts by investors, (see *Exhibit B*); and an Excel Spreadsheet created by Erker called Erker WIP_Matrix that also listed investment amounts by investors (see *Exhibit C*).

**C.  Restitution Order Terms Requested**

The United States requests that the Court establish the following conditions of restitution payment in accordance with the Court's authority under 18 U.S.C. §§ 3572 and 3664(f), which should apply until such time as Defendant has satisfied the financial obligations to be imposed

---

[1] Exhibits A, B, and C will be provided to the Court.

3

by the judgment.  Payment of restitution is due immediately.  Any restitution amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 25% of each Defendant's gross earnings, to be changed during supervision, if needed, based on each Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3).  If Defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution still owed.

### III.   Conclusion

Wherefore, the United States respectfully requests that the Court order immediate payment of restitution by the Defendant.  Restitution payments should be made payable and shall be sent to: the Clerk of Court at U.S. Court House, 801 West Superior Avenue, Suite 1-127, Cleveland, Ohio 44113.

> Respectfully submitted,
>
> MICHELLE M. BAEPPLER
> First Assistant United States Attorney
>
> By:   /s/ Brian McDonough
> Brian McDonough (OH: 0072954)
> Kathryn Andrachik (OH: 0093988)
> Assistant United States Attorneys
> United States Court House
> 801 West Superior Avenue, Suite 400
> Cleveland, OH 44113
> (216) 622-3965/-3804
> (216) 522-2403 (facsimile)
> Brian.McDonough@usdoj.gov
> Kathryn.Andrachik@usdoj.gov